IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MADELINE RODRIGUEZ ALVAREZ<br>**PLAINTIFF**<br><br>VS.<br><br>MUNICIPALITY OF JUANA DIAZ, HON. RAMÓN A. HERNÁNDEZ TORRES, OSCAR NAZARIO SEGARRA, LOURDES ENCARNACION, JESSICA SANTIAGO BURGOS, and ABC INSURANCE COMPANY OF UNKNOWN NAME<br>**DEFENDANTS** | CIVIL NO.<br><br><br>AMERICAN WITH DISABILITIES ACT<br><br>TRIAL BY JURY REQUESTED |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW**, the Plaintiff, through the undersigned counsel, who very respectfully Requests, States and Prays:

## THE PARTIES

1- Plaintiff, Madeline Rodriguez Alvarez, is female of legal age, U.S. citizen, and resident of Juana Díaz, Puerto Rico. Through this complaint she claims her personal cause of action.

2- Upon information and belief, at all times pertinent to this Complaint, the defendant, Municipality of Juana Diaz is a municipal organization duly organized

under the laws of the Commonwealth of Puerto Rico with offices in the city of Juana Diaz, Puerto Rico.

3- Upon information and belief, at all times pertinent to this Complaint, the Defendant Ramón A. Hernández Torres is the Mayor of Juana Diaz. Defendant conspired civil with the other defendants to violate plaintiff's rights. He is being sued in his official capacity.

4- Upon information and belief, at all times pertinent to this Complaint, the Defendant, Oscar Nazario Segarra is the Director of Conservation. Defendant conspired civil with the other defendants to violate plaintiff's rights. He is being sued in his official capacity.

5- Upon information and belief, at all times pertinent to this Complaint, the Defendant Lourdes Encarnación is a part time employee for the Municipality of Juana Diaz. Defendant conspired civil with the other defendants to violate plaintiff's rights. She is being sued in her official capacity.

6- Upon information and belief, at all times pertinent to this Complaint, the Defendant, Jessica Santiago Burgos is the Director of Human Resources. Defendant conspired civil with the other defendants to violate plaintiff's rights. She is being sued in her official capacity.

7- Upon information and belief, at all times pertinent to this Complaint, Defendant ABC Insurance Company of Unknown Name is an Insurance Company

Case 3:14-cv-01924-WGY   Document 1   Filed 12/29/14   Page 3 of 10

Page 3
Madeline Rodriguez Alvarez v. Municipality of Juana Diaz
American with Disabilities Act

duly organized under the laws of the Commonwealth of Puerto Rico with offices in Puerto Rico, and at the time of the events that give rise to the present complaint has an insurance policy in full force and effect to cover the present cause of action.

## JURISDICTIONAL ALLEGATIONS

8- Jurisdiction in this action is based upon the existence of federal questions and upon the rights of action created under federal statute. The action arises under Title 42, United States Code, §§2000a et. seq..  This court has supplemental pendant jurisdiction, pursuant to the supplemental jurisdiction statute, 28 U.S.C.A. Sec. 1367, over the plaintiff's claims which arise under; Puerto Rico Disability Discrimination Statute, Act. No. 44 of July 2, 1985, as amended, P.R. Laws Ann. Tit. 1 § 501 et. Seq.; and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §§ 5141 and 5142.  Venue for this action lies within the District of Puerto Rico because the claims arose on the basis of acts committed by the defendants within the District of Puerto Rico.

9- The plaintiff has complied with all statutory prerequisites to the commencement of this action, including the filing of an administrative charge of discrimination with the Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission issued to the plaintiff its Notice of Final Decision on September 26, 2014.

### FIRST CAUSE OF ACTION: ADA DISCRIMINATION

The Plaintiff Alleges That:

10- At the time of the events that give rise to the Complaint, plaintiff Madeline Rodriguez Alvarez was employed by the Municipality of Juana Diaz since January 29, 2001, as a Worker.

11- Plaintiff is HIV positive since August 19, 2013. Once she knew she immediately began treating her condition at the Centro Inmunológico in Ponce, Puerto Rico.

12- Plaintiff told her supervisor, Defendant Oscar Nazario Segarra, that she was tested positive for the HIV virus. The defendant replied that she can count on him.

13- Nothing far from the truth. Once Defendant Oscar Nazario Segarra knew that Plaintiff was HIV positive the whole ordeal began for the Plaintiff.

14- Defendant Oscar Nazario Segarra ordered to close the bathroom that the Plaintiff usually use and took away the keys from her.

15- Every day, Defendant Oscar Nazario Segarra ordered part time employee, Defendant Lourdes Encarnación, to disinfect the office premises once Plaintiff leaves the office to avoid getting infected with the HIV virus.

16- Defendant Oscar Nazario Segarra ordered Defendant Lourdes Encarnación to remove the telephone from the office and the cooking hardware in

order to avoid contact with the Plaintiff. Moreover he ordered to close the kitchenette that the office employees use daily to prepare their lunch to prevent Plaintiff to get in contact.

17- Defendant Oscar Nazario Segarra ordered that no duties were assigned to Plaintiff as she spend the entire working day sitting without instructions, duties or supervision. He ordered Defendant Lourdes Encarnación to remove all the working material that Plaintiff had in her desk.

18- On November of each year, the Defendant Municipality of Juana Diaz celebrate the Thanksgiving week with a party for the employees. Usually they invite all the employees including the Plaintiff. On November 2013, Defendant Municipality of Juana Diaz celebrated the Thanksgiving party and did not invite Plaintiff in order to avoid contact with her.

19- On December of each year, the Defendant Municipality of Juana Diaz celebrate the Holidays with a party for the employees. Usually they invite all the employees including the Plaintiff. On December 2013, Defendant Municipality of Juana Diaz celebrated the party and did not invite Plaintiff in order to avoid contact with her. While the others employees were attending the party, Plaintiff had to remain working.

20- In a discriminatory manner, the Defendants intentionally damaged Plaintiff's time sheets in order to provoke problems with plaintiff's paycheck. These actions were with the intention to impede plaintiff to receive her full salary.

21- Since Defendant Lourdes Encarnación knew Plaintiff was HIV positive she treat her with bad words and in a pejorative manner. Defendant also tunes in radio stations which play funeral music or death related music with the only intention to make Plaintiff suffer.

22- Tired of being discriminated and harassed by Defendant Oscar Nazario Segarra and Defendant Lourdes Encarnación, Plaintiff went to the Mayor's Office to talk personally with Defendant Ramón A. Hernandez Torres.

23- Defendant Ramón A. Hernandez Torres told plaintiff that she has too many absences despite her condition as told by Defendant Lourdes Encarnación. Also Defendant said that Mr. Torres is aware of her medical condition. No correctional orders were given to Defendants Oscar Nazario Segarra and Lourdes Encarnación to stop their harassing and discriminating behavior towards Plaintiff. Defendant Jessica Santiago Burgos was aware of the employees discriminating behavior towards Plaintiff and no corrective actions were taken in order to protect Plaintiff.

24- On April 18, 2014, someone stole Plaintiff's purse from her desk. Plaintiff got desperate and called the Police. Defendants Oscar Nazario Segarra,

Jessica Santiago Burgos, and Ramón A. Hernandez Torres knew the incident occurred and they did nothing to investigate the Plaintiff's complaint.

25- On April of each year, the Defendant Municipality of Juana Diaz celebrate the Secretaries' week with a party for the employees. Usually they invite all the employees including the Plaintiff. Plaintiff was invited every time. On April 25, 2014, Defendant Municipality of Juana Diaz celebrated the party and did not invite Plaintiff in order to avoid contact with her.

26- To humiliate Plaintiff, Defendant Jessica Santiago Burgos ordered her to mop the floor during the activity before her office colleagues.

27- As part of Plaintiff's condition she suffered from nausea, vomits, diarrhea, and urinary incontinence. Plaintiff needs to go to the rest room daily during working hours. Defendants Oscar Nazario Segarra and Lourdes Encarnación intentionally maintains the bathroom door closed in order to avoid Plaintiff to use it.

28- As a result of that action, Plaintiff had to do her biological needs in the surroundings.

29- On April 10, 2014, Defendant Jessica Santiago Burgos went to Plaintiff's work area and ordered her to clean the whole office and the bathroom without detergents and with her bare hands knowing that Plaintiff's immunological system is compromised.

30- Plaintiff was blatantly discriminated for reasons of her medical condition. Defendants knew that plaintiff is in the protected group under ADA.

31- As a direct and proximate result of the defendants' discriminatory actions, plaintiff has suffered severe emotional distress and physical distress, including but not limited to post-traumatic stress disorder, nausea, headaches, sleeplessness, night terrors, and loss of enjoyment of life. Plaintiff is currently receiving psychiatric treatment as a result of the Defendants' actions.

32- The conduct of defendants as described above deprived plaintiff of plaintiff's rights pursuant to federal and state laws.

33- Plaintiff requested a reasonable accommodation to Defendants. No actions were taken by the Defendants.

34- The acts of the defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiffs are entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION: TORTS CLAIM
## UNDER SUPPLEMENTAL JURISDICTION

The Plaintiff Alleges That:

35- As a direct result of the discriminatory acts performed by the Defendants and directed at the plaintiff, plaintiff has been subject to inhumane working conditions which make it extremely difficult for Plaintiff to remain in her job.

Defendants' actions are intentional and with the goal to make Plaintiff resign to her employment. On October 2014, Plaintiff took a sick leave due to the depression caused by the Defendants.

36- As a direct and proximate result of the defendants' conduct, plaintiff has suffered severe emotional distress, including but not limited to post-traumatic stress disorder, nausea, headaches, sleeplessness, night terrors, and loss of enjoyment of life. Plaintiff even had to seek medical assistance for emotional conditions at the Escuela de Medicina y Ciencias de la Salud, due to the stress she was constantly under in her workplace.

37-Defendants, maliciously, unlawfully, and intentionally discriminated against plaintiff for the reason of her disability. All the actions of the defendants caused her extreme anguish, and emotional distress. All the emotional damages caused by the violation of her civil rights are valued in a sum no less than $500,000.00.

38- Defendants Municipality of Juana Diaz, and Ramón Hernandez Torres respond vicariously for the acts or omissions of their employees in the exercise of their duties pursuant to Article 1803 of the Puerto Rico Civil Code.

**WHEREFORE,** above premises considered, it is respectfully requested from this Honorable Court to enter judgment for plaintiff and jointly and severally against defendants;

1- In the amount no less than $500,000.00 as damages;

2- Awarding plaintiff the cost of this action and attorney's fees.

3- Legal Interest;

4- In the amount determined by the Court as plaintiff's past and future economic harm;

5- In the amount of $500,000.00 as punitive damages;

6- Such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED,**

In Ponce, Puerto Rico, for San Juan, Puerto Rico this 29th day of December, 2014.

S/José Rafael Santiago Pereles
**JOSE RAFAEL SANTIAGO PERELES, Esq.**
USDC No. 215708
ATTORNEY FOR PLAINTIFF
**SANTIAGO PERELES & COLLAZO, P.S.C.**
606 Ave. Tito Castro Ste. 203
La Rambla Tower Buzón 303
Ponce, P.R. 00716-0206
Tel. (787) 259-6294
Fax (787) 259-6294
E-MAIL: santiagopereles@yahoo.com

1