UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MADELINE RODRIGUEZ-ALVAREZ,

    Plaintiff,

v.

MUNICIPALITY OF JUANA DIAZ, et al.,

    Defendants.

Civil No. 3:14-cv-01924 (JAF)

# O R D E R

## I.

### Introduction

This matter is before the court on the motion for partial judgment on the pleadings filed by Municipality of Juana Diaz, Ramón Hernández Torres in his official capacity as mayor of the Municipality of Juana Díaz; Oscar Nazario-Segarra, in his official capacity as Director of Conservation; Lourdes Encarnación, in her official capacity as an employee of the Municipality of Juana Díaz; and Jessica Santiago-Burgos, in her official capacity as Director of Human Resources (collectively, the "Municipality"). (ECF No. 13).

The Municipality seeks an order that: 1) establishes that any compensatory damages awarded shall not include back pay, interest on back pay or any other relief authorized under section 706(g) of the Civil Rights Act of 1964; 2) dismisses Plaintiff's claim for punitive damages; 3) caps compensatory damages at $300,000.00 or less, depending on the number of employees proven to be employed by the Municipality, in accordance with 42 USCA § 1981a; and 4) caps total damages under Puerto Rico's tort

statute at a maximum of $75,000. (ECF No. 13). Plaintiff does not object to the relief requested by the Municipality, except to maintain that punitive damages may be recoverable against the remaining "defendants or respondents". (ECF No. 14 at 2).

The only defendant named in the Complaint other than the Municipality is "ABC Insurance Company of Unknown Name," whom Plaintiff has sued as the insurer of the other named defendants. No defendant has been named in his or her individual capacity.

Plaintiff asserts claims against the Municipality for employment discrimination in violation of the Americans' with Disabilities Act ("ADA"), Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Law Ann. §§ 501 *et seq.* ("Law 44"); and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §§ 5141 and 5142.

## II.

## Law & Analysis

### A.   Plaintiff's Discrimination Claim

Plaintiff captions the claim as an ADA claim, but states that the case "arises under Title 42, United States Code, §§ 2000a et. [sic] seq." Title 42 U.S.C. § 2000a, however, applies to discrimination in places of public accommodation; the ADA is codified in 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII") is codified in 42 U.S.C. § 2000e *et seq.* Title VII makes it illegal to discriminate against an employee based on race, color, sex, religion, or national origin, while the ADA applies to discrimination on the basis of physical or mental disability. A review of the Complaint leads this court to believe Plaintiff has filed an employment discrimination claim for

violations of the ADA, 42 U.S.C. § 12101 *et seq.*, which piggybacks onto and incorporates the enforcement powers, remedies, and procedures of Title VII.

In support of the motion for partial judgment on the pleadings, the Municipality defendants cite to 42 U.S.C. § 1981a(b), which states:

> (1) Determination of punitive damages
> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.
>
> (2) Exclusions from compensatory damages
> Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)].
>
> (3) Limitations
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party--
> (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;
> (B) in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000; and
> (C) in the case of a respondent who has more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $200,000; and
> (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

### 1. <u>Back pay as compensatory damages</u>

Title 42 U.S.C. §1981a(a)(2) states that a person bringing suit under the ADA for unlawful intentional discrimination on the basis of disability "may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964[.]" Title 42 U.S.C. § 2000e-5, which is the codification of section 706 the Civil Rights Act of 1964, authorizes a court to "enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1).

Although Plaintiff's complaint is unclear whether she suffered a loss in back pay as a result of the alleged conduct, in her prayer for relief she seeks an unspecified amount for "past and future economic harm." Plaintiff's response to the motion does not shed any light on the issue.

The Municipality correctly cites the minimum pleadings standard of Fed. R. Civ. P. 8. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562-63 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). At this juncture, however, the court is not willing to eliminate Plaintiff's requested relief. In order to avoid a 12(b)(6) dismissal, the court grants

Plaintiff leave to amend its pleadings for the purpose of clarifying the basis for the relief sought as "past and future economic harm."

### 2. **Punitive damages**

With respect to punitive damages, § 1981a(b)(1) precludes recovery of punitive damages when the defendant is a government, government agency, or political subdivision. *See also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (punitive damages for constitutional rights violations under 42 U.S.C. § 1983 cannot be awarded against municipalities). Municipalities are the real parties in interest in official capacity suits against municipal officials, a judgment against a municipal official in his official capacity would in effect run against the municipality. *See Saldana-Sanchez v. Lopez-Gerena*, 256 F.3d 1, 4 (1st Cir. 2001). Therefore, the law extends a municipality's immunity from punitive damages to actions against officers when they are sued in their official capacities. *Brandon v. Holt*, 469 U.S. 464, 471-71 (1985).

Here, no defendant has been sued in his or her individual capacity. Additionally, the only other defendant is "ABC Insurance Company of Unknown Name" whose obligation is only triggered if there is a judgment against the municipality. No separate claim has been brought against the insurance company for wrongdoing. It is axiomatic that if punitive damages may not be awarded against the Municipality, then punitive damages also may not be recovered from the Municipality's insurance company. Accordingly, no punitive damages may be recovered. The motion is GRANTED and Plaintiff's claim for punitive damages is DISMISSED.

### 3. <u>Compensatory damages cap at of $300,000 under §1981a</u>

Title 42 U.S.C. § 1981a(b)(3) sets a limitation on compensatory damages that may be awarded depending on the defendant's number of employees. The compensatory damages subject to the limitation include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under" 42 U.S.C. § 1981a. 42 U.S.C. § 1981a(b)(3). Back pay, interest on back pay, and any other relief authorized under 42 U.S.C. § 2000e-5(g) is specifically excluded from the compensatory damages limitation. Title 42 U.S.C. § 1981a(d) also states that the "court shall not inform the jury of the limitations described in subsection (b)(3) of this section." To the extent that the statutory cap will apply to Plaintiff's ADA claim, the cap does not apply to the Commonwealth claims. *See Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc.*, 399 F.3d 52, 65 (1st Cir. 2005).

Although the Municipality defendants are correct that § 1981a caps compensatory damages for Plaintiff's ADA claim, the court notes that this cap does not apply to back pay, interest on back pay, any other relief authorized under 42 U.S.C. § 2000e-5(g), or compensatory damages under Puerto Rico Law 44. It is too early to determine whether a cap will apply to Plaintiff's claim. In the event that a jury verdict puts the amount of the compensatory damages award at issue, defendants may file the appropriate motion at that time. This court will not enter an order simply restating the law as the Municipality requests.

### B.  Plaintiff's claim under P.R. Laws Ann. Tit. 31 §§ 5141 and 5142

Plaintiff also claims that the Municipality is liable for damages caused to her through fault or negligence, under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §§ 5141 and 5142. Plaintiff estimates that her emotional damages are no less than $500,000. The Municipality argues that Plaintiff's total recoverable tort damages are capped at $75,000 under P.R. Laws Ann. Tit. 32 § 3077. P.R. Laws Ann. Tit. 32 § 3077(a) provides authorization to sue a municipality "for damages to persons or property up to the sum of seventy-five thousand dollars ($75,000) caused by a culpable or negligent action or omission of any official, agent or employee of the Commonwealth or of any other person acting in an official capacity within the scope of his/her duty, office or employment[.]" Plaintiff does not dispute this argument. In the event that a jury verdict puts the amount of the Plaintiff's damages under Puerto Rico's tort statute at issue, defendants may file the appropriate motion at that time.

### C.  ABC Insurance Company of Unknown Name

The Complaint in this action was filed on December 29, 2014. Fed. R. Civ. P. 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 120 days after the complaint is filed.

A review of the docket appears to show that defendant "ABC Insurance Company of Unknown Name" has not been served, identified, or substituted in this matter. If service has been completed, Plaintiff should file the appropriate returns. Moreover, Plaintiff should then forthwith apply for default and move for default judgment. Failure

to take any action within ten (10) days of this Order will lead to dismissal of "Defendant ABC Insurance Company of Unknown Name" for want of prosecution.

If more than 120 days were needed to effect service of process, counsel for plaintiffs should execute an affidavit advising the court as to the status of identifying the defendants and why service could not be timely made upon the defendant(s) in order to avoid dismissal. The affidavit or response to the within Order must be filed within ten (10) days of this Order.

If the Plaintiff cannot show good cause why such service was not made within 120 days after the filing of the complaint, the action will be dismissed against "ABC Insurance Company of Unknown Name" without prejudice. *See Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 6 (1st Cir. 2011).

## III.

### Conclusion

The Municipality's motion for partial judgment on the pleadings is GRANTED IN PART and DENIED IN PART. The court orders that:

1. Plaintiff's claim for punitive damages is DISMISSED; and

2. Within ten (10) days of this Order, Plaintiff shall file an amended complaint clarifying the basis for the relief sought as "past and future economic harm." Plaintiff is also granted leave to amend the complaint for the purpose of amending the prayer for relief if deemed necessary.

3. Within ten (10) days of this Order, Plaintiff shall file the appropriate documentation as discussed above regarding "ABC Insurance Company of Unknown

Name". If Plaintiff cannot show good cause as to why such service was not made within 120 days after the filing of the complaint, the action will be dismissed against ABC Insurance Company of Unknown Name without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of July, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
